```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
UNITED STATES OF AMERICA,                                   :
                                                            :   **ORDER**
                                    Plaintiff,              :
                                                            :   08 Cr. 240 (BMC)
                - against -                                 :
                                                            :
THOMAS GIOELI and DINO SARACINO,                            :
                                                            :
                                    Defendants.             :
                                                            :
----------------------------------------------------------- X
.
```

Before me is (1) the Government's [1347] motion to quash defendant Dino Saracino's subpoena served on the Laborers International Union of North America ("LIUNA"); (2) defendant Saracino's [1360] motion for a two-jury trial; (3) the Government's [1361] motion to preclude certain avenues of cross examination as to Dino Calabro; and (4) defendants' [1378] motion in limine for disclosure of witness presentence investigation reports. The rulings on these motions are as follows:

1. The Government's motion to quash is GRANTED. The Court has an independent obligation to ensure that a trial subpoena complies with Federal Rule of Criminal Procedure 17. See, e.g., United States v. Dupree, No. 10-CR-627, 2011 U.S. Dist. LEXIS 55159, at *10 (E.D.N.Y. May 23, 2011); United States v. Vasquez, 258 F.R.D. 68, 72 (E.D.N.Y. 2009); United States v. Kahn, No. 06-cr-255, 2009 U.S. Dist. LEXIS 8692, at 18 (E.D.N.Y. Jan. 20, 2009). Saracino therefore has the burden of establishing that his subpoena seeks materials that are relevant, admissible, and specifically identified, as trial subpoenas may not be used as a means of obtaining discovery in a criminal case. See United States v. Nixon, 418 U.S. 683, 689-90, 94 S.

Ct. 3090 (1974). Saracino's request for "any and all documents regarding civil suit/settlement agreement" between LIUNA Local 79 and Sebastiano Saracino fails to comply with these requirements. First, Saracino fails to articulate why the documents he seeks are relevant for a purpose other than impeachment, which ordinarily is insufficient to justify the issuance of a Rule 17 subpoena. See id. at 701; United States v. Coriaty, No. 99 Cr. 1251, 2000 U.S. Dist. LEXIS 11040, at *22-23 (S.D.N.Y. Aug. 7, 2000); United States v. Cherry, 876 F. Supp. 547, 553 (S.D.N.Y. 1995). Second, Saracino has not put forth any theory for how documents evidencing Sebastiano's prior bad acts will be admissible at trial. Finally, Saracino's vague contention that the documents may contain information that relates to the charges against him suggests that he is using the subpoena as a discovery device rather than to obtain specific materials that are known to be relevant and admissible. Thus, Saracino has failed to comply with the requirements of Rule 17 and Nixon.[1]

2.  Saracino's motion for a two-jury trial is DENIED. Joint trials promote efficiency and prevent inconsistent verdicts, and therefore are strongly favored in federal courts. See Zafiro v. United States, 506 U.S. 534, 537, 113 S. Ct. 933 (1993); United States v. Spinelli, 352 F.3d 48, 55 (2d Cir. 2003). This is particularly true where, as here, defendants are charged with participating in the same criminal conspiracy. Spinelli, 352 F.3d at 55. The potential for distinct defenses that Saracino posits does not warrant separate juries because those defenses are not mutually antagonistic. See United States v. Yousef, 327 F.3d 56, 151 (2d Cir. 2003); United States v. Cardascia, 951 F.2d 474, 484 (2d Cir. 1991). Moreover, the existence of mutually antagonistic defenses is not an automatic bar to a joint trial, as "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." Zafiro, 506 U.S. at 538-39.

---

[1] The Government also correctly notes that Saracino's subpoena is impermissible to the extent it seeks prior statements of a Government witness. See Fed. R. Crim. Proc. 17(h). The Government of course is required to turn over these statements to defendants pursuant to Federal Rule of Criminal Procedure 26.2 and 18 U.S.C. § 3500.

Thus, in the event that Saracino's and Gioeli's defenses are antagonistic, Saracino may request that the Court issue an appropriate limiting instruction to the jury.

3. The Government's motion to preclude certain avenues of cross examination as to Dino Calabro is GRANTED. The results of the polygraph examinations are not indicative of Calabro's character for truthfulness, and therefore are not admissible under Federal Rule of Evidence 608(a). Further, defendants may not attempt to impeach Calabro with the polygraph results as specific instances of misconduct under Rule 608(b). Polygraph results are commonly understood to be of "questionable accuracy," see United States v. Ruggiero, 100 F.3d 284, 292 (2d Cir. 1996); United States v. Canter, 338 F. Supp. 2d 460, 463 (S.D.N.Y. 2004), yet there is a substantial risk that the jury will credit these results as scientifically establishing that Calabro lied to the FBI, see United States v. Scheffer, 523 U.S. 303, 313-14, 118 S. Ct. 1261 (1998). Thus, the minimal (if any) probative value that may be attributed to the polygraph results is substantially outweighed by the risk of unfair prejudice.

Defendants are also precluded from noting that the Government polygraphed Calabro. The Government's evaluation of Calabro's credibility is not at issue in this trial. Moreover, the jury will undoubtedly conclude that Calabro failed the polygraph examinations if Calabro admits to taking polygraph examinations without Calabro stating that he passed. I therefore find that this line of cross-examination is also properly precluded under Rule 403.

Nevertheless, defendants are permitted to impeach Calabro regarding his statements during the polygraph examinations, provided that defendants do not mention that the statements were made in that context. However, the Government has apparently only provided defendants with certain of Calabro's answers. The Government is therefore ORDERED to explain by March 6, 2012 what if any records it has that reflect statements made by Calabro during his

polygraphs, and why such statements have not been produced pursuant to 18 U.S.C. § 3500. The Government should also submit to the Court for in camera inspection any statements that arguably fall within this statute and that the Government has declined to produce. See United States v. Scotti, 47 F.3d 1237, 1250-51 (2d Cir. 1995); United States v. Sainato, 29 F. Supp. 2d 116, 117-18 (E.D.N.Y. 1998).

4. Gioeli and Saracino's motion in limine for disclosure of presentence investigation reports is DENIED. Gioeli and Saracino have joined in defendant Joel Cacace's request that the Court reconsider its [1354] Order denying production of the presentence investigation reports for five cooperating witnesses that will testify against Gioeli and Saracino.[2] As I noted in my previous Order, the Government has represented to the Court that it either has turned over, or will turn over, all impeachment material contained in the reports. The Government further represented that the reports do not contain exculpatory evidence for Gioeli or Saracino, to which the Court agrees. Gioeli and Saracino thus have not established a need for the reports, let alone a compelling need. See United States v. Moore, 949 F.2d 68 (2d Cir. 1991); United States v. Charmer Indus., Inc., 711 F.2d 1164 (2d Cir. 1983).

**SO ORDERED.**

Signed electronically/Brian M. Cogan

U.S.D.J.

Dated: Brooklyn, New York
       March 3, 2012

---

[2] My previous Order only applied to Gioeli and Saracino, and I will reserve decision on the motion with regard to Cacace.